# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SCOTT ASA HINKELMAN,**

    Plaintiff,

vs.                                            Case No. 4:21cv90-WS-MAF

**FLORIDA DEPARTMENT**
**OF CORRECTIONS, and**
**MARK S. INCH, SECRETARY,**

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, was granted in forma pauperis status, ECF No. 6, and his amended complaint, ECF No. 4, was reviewed as required by 28 U.S.C. § 1915A. ECF No. 7. Finding the amended complaint sufficient to alert the Defendant to the nature and basis of Plaintiff's claims, Plaintiff was directed to submit one identical copy of his amended complaint for service purposes. *Id.* Thereafter, Plaintiff requested that the Clerk of Court be directed to make the service copy for him. ECF No. 8. That request was denied. ECF No. 9. However, Plaintiff then filed a motion requesting that he be provided with a copy of his

amended complaint. ECF No. 10. Although it appeared that Plaintiff was submitting a successive motion based on a new reason, his motion, ECF No. 10, was nevertheless granted. ECF No. 11. The Clerk of Court was required to provide Plaintiff with one copy of his amended complaint. *Id.* Plaintiff was then directed to retain a copy for his own records, but instructed to use the copy provided to him to prepare another service copy which must be returned to this Court by May 12, 2021. *Id.* Plaintiff was then warned for the third time that if he failed to provide the service copy as directed, a recommendation would be made to dismiss this case. See ECF Nos. 7, 9, and 11. As of this date, Plaintiff has not complied and it appears that Plaintiff has abandoned this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 25, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**